# Davis *v.* Snider.

*Statutory Detinue for Mill Machinery and Gearing.*

1. *Proof of consideration of written instrument.*—In an action founded
on a written instrument, which recites a particular indebtedness as its
consideration, the true consideration may be proved to be a different
indebtedness, which does not change the legal effect of the instrument.

2. *Fraud in procuring execution of written instrument.*—If a party's
signature to a written instrument, he being illiterate and unable to read
or write, is procured by fraudulent representations or practices on the
part of the payee or grantee, the instrument thus signed being materially
different from that which he intended to sign, and which he thought he
was signing, this is fraud in the execution, and is available at law to
defeat an action founded on the instrument.

| 70 | 315 |
|---|---|
| 101 | 552 |
| 70 | 315 |
| 104 | 507 |
| 70 | 315 |
| 117 | 610 |
| 118 | 379 |
| 70 | 315 |
| 124 | 431 |
| 70 | 315 |
| 135 | 516 |

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by James A. Davis, against Mike
Snider, to recover certain personal property, described in the
complaint as "one four-feet water-wheel, and shafting and set
of mill and gin gearing," with the value of the hire or use
thereof during its detention; and was commenced on the 13th
January, 1881. The cause was tried, as the judgment-entry
recites, on issue joined on the plea of *non detinet.* The plaintiff
claimed the property sued for, under a written instrument
signed by the defendant, dated the 7th June, 1880, in these
words: "$430.   Know all men *by* that I promise to pay James
A. Davis, of Butler, Georgia, the sum of $430 dollars, by the
1st day of November next, for one four-foot water-wheel and
shafting gearing for the purpose of running the grist and saw
mill and gin bought of the said Davis in 1880; and to secure
the payment of the above amount, I hereby agree that the said
machinery is borrowed, and shall remain the property of the
said Davis until the said amount is paid, as is now provided in
the statute law of this State." The defendant's name was
signed to this instrument by mark, attested by one D. Williams,
who, being introduced as a witness by plaintiff, thus testified in
reference to its execution: " His name to said instrument was
in his handwriting, and he witnessed an instrument between
the parties; but the one he witnessed, at the time he witnessed

it, did not appear to him, as he recollects, longer than an ordinary note ; and the instrument must have been folded up when he witnessed it, as the instrument when thus folded, being then shown to him, was about the size of an ordinary note; and that defendant made his mark to the instrument so witnessed by him, and made no objection at the time of making his mark." On this evidence, the court admitted the instrument as evidence. Said Williams, being afterwards examined as a witness for defendant in rebuttal, stated, "that his recollection was, from what the parties said, that the note was to be a plain note ;" and an exception was reserved by the plaintiff to the admission of this evidence.

As to the consideration of the instrument, and its execution, the plaintiff testified, as a witness for himself, "that the wheel and gearing sued for, which was admitted to be in the possession of the defendant when the suit was commenced, was worth $482.30; that defendant was indebted to him, at the time of the execution of said instrument, in the amount therein specified, for the said wheel and machinery, and said instrument was given for the said indebtedness ; that defendant had been due and owing him, both for the property sued for, and for work on the mill-house, dam, &c.; that payments had been made, but the payments were made for the work ; that the amount of said instrument was due for the wheel and machinery, and was now due, nothing having been paid plaintiff since the execution of said instrument." As to these matters, the defendant testified as a witness for himself, "that he could neither read nor write; that he was indebted to plaintiff, at the time said instrument was executed, in the amount therein named, but it was for working on the mill-house, dam, &c., and not for the wheel and machinery ; that he had paid plaintiff for said wheel and machinery before he executed said instrument; that, when he signed said instrument, he thought it was a plain note, and did not know that it had a lien on his property; that he told plaintiff he would not sign anything but a plain note; that plaintiff never agreed to take a plain note, and never told him that he would take a plain note, nor that said instrument was a plain note, but all the time insisted on having a lien note, and refused to take any other kind of a note; that the note was not read over to him when he signed it, nor did he ask any body to read it for him, nor was it represented by plaintiff to be a plain note." The plaintiff objected to so much of this evidence as related to the indebtedness for which the writing was given, on the ground that it was "illegal, irrelevant, and incompetent, and because the instrument itself was the best evidence of the indebtedness for which it was given ;" and he reserved exceptions to the overruling of his objections. There

[Davis v. Snider.]

was other evidence as to the matters of account between the parties at and before the execution of said instrument, partial payments made, and receipts given; and exceptions were reserved by the plaintiff to several rulings of the court in reference to these matters, which are not material to the points decided by this court.

The plaintiff asked several charges to the jury, which were in writing, and one of which was in these words: "2. If the jury believe, from the evidence, that the defendant, at the time he executed said instrument to the plaintiff, was indebted to the plaintiff in the sum of $400, or other amount, and that said instrument was executed to secure the payment of said indebtedness, and the same has not been paid since its execution,—then the instrument is supported by a sufficient consideration." The court refused to give this charge, and the plaintiff excepted to its refusal; and he also reserved an exception to a charge given by the court on the request of the defendant, in these words: "1. If the jury are reasonably satisfied, from the evidence, that there is nothing due the plaintiff for the wheel and machinery sued for, they must find for the defendant."

The several rulings of the court on the evidence, and on the charges given and refused, to which exceptions were reserved, are now assigned as error.

JNO. D. GARDNER, for the appellant, cited *Hollenbeck v. De Witt*, 2 John. 404; *Henry v. Murphy & Co.*, 54 Ala. 246; *McGehee v. Rump*, 37 Ala. 656; 1 Brickell's Digest, 865, §§ 866 *et seq.*

STONE, J.—In refusing to give the charge numbered 2, asked by plaintiff, and in giving charge numbered 1, asked by defendant, the Circuit Court erred, as clearly shown in *Rumsey v. Young*, at the present term.—69 Ala. 157.

In thus ruling, it is not our intention to preclude inquiry into the alleged fraud, charged to have been perpetrated by plaintiff in procuring defendant's signature to the instrument he relies on for recovery. If plaintiff fraudulently imposed on defendant, and procured his signature to an instrument he had not agreed to sign, did not know he was signing, and did not intend to execute, this amounts to fraud in the execution, which may be proved by parol, and, if satisfactorily established, justifies the jury in finding against its validity.—*Swift v. Fitzhugh*, 9 Por. 39; *Morris v. Harvey*, 4 Ala. 300; *Mead v. Steger*, 5 Por. 498; *Paysant v. Ware*, 1 Ala. 160; *Dickinson v. Lewis*, 34 Ala. 638. But, see, *Goetter, Weil & Co. v. Pickett*, 61 Ala. 387.

Reversed and remanded.