# Godwin *v.* Whitehead.

*Bill in Equity to enforce Constructive Trust against Attorney.*

1. *Purchase by attorney at sale under execution in favor of lunatic client; offer to do equity by client seeking to enforce trust.*—When an attorney for a lunatic, or for his guardian, sues out an execution on a decree in the lunatic's favor, and becomes the purchaser at the sale, taking the sheriff's deed to himself, he becomes a trustee for the lunatic, and it is his duty to pay the accruing taxes on the land; and if he suffers the land to be sold for taxes, again becoming the purchaser himself, he can not claim that the lunatic, seeking to enforce the trust and obtain the legal title, should repay the costs of the tax proceedings, as a part of the offer to do equity.

2. *Demurrer good only in part.*—A demurrer which is good in part only, should be overruled entirely.

APPEAL from the Chancery Court of Butler.
Heard before the Hon. JOHN A. FOSTER.

J. C. RICHARDSON, for appellant, cited *Johnson v. Smith,* 70 Ala. 108; *Cunningham v. Jones,* 37 Kansas, 477.

J. M. WHITEHEAD, *contra,* cited *Warfield v. Campbell,* 38 Ala. 527.

[Godwin v. Whitehead.]

McCLELLAN, J.—The appellee, as attorney for the guardian of appellant, who was at that time a lunatic, sued out an execution on a judgment previously rendered in the Probate Court in favor of the guardian *ad litem* of the lunatic, and had it levied on certain lands. These lands were regularly sold under said levy, and appellee became the purchaser, taking title in his own name, paid the price bid by receipting the execution, and paid the costs of the levy, sale, &c., with his own funds. He subsequently allowed the lands to be sold for taxes, again became the purchaser, paid his bid and the costs with his own money, and took a tax-certificate to himself. The present bill is filed by F. M. Godwin, who was adjudged sane and discharged from guardianship in 1887, against J. M. Whitehead, on the theory that the latter is a trustee of whatever title passed at the execution and tax-sales for the complainant, and seeks to have such title divested out of the respondent and vested in Godwin. The bill alleges that complainant has all along had possession of the lands. Of the several demurrers interposed, only one, that numbered six, was sustained; and the present appeal is taken from the interlocutory decree sustaining that assignment of demurrer. The ground of that assignment is, that "there is no offer in the bill to pay back the money paid out by respondent for taxes and costs, with interest."

It is involved in doubt whether the objection taken by this demurrer is addressed to the failure of the bill to offer to pay the costs of the execution, or the costs of the tax-sale, or both, as well as the taxes. It was on the complainant, of course, to offer to do equity. Equity required of him to refund the costs of execution, since these he would have had to pay had there been no malversation on the part of his attorney, or, what is the same thing, his guardian's attorney. Likewise, in any event he would have had to pay the taxes, and his bill should have offered to refund the money paid in that behalf by Whitehead. But, had the latter been diligent in the discharge of his duties as trustee, a capacity which the law, on the facts averred in the bill, impresses upon him, he would have paid the taxes before any costs had accrued in their enforcement, and this item of expenditure would not have been incurred but for the negligence of the trustee. Nor, having voluntarily, and in his own wrong taken upon himself the character and duties of a trustee, can he now be heard to say that he had no funds of the *cestui que trust* out of which to pay taxes; *non constat* but for his wrong Godwin, or his guardian, would have paid

the taxes, and avoided the additional outlay consequent upon a sale of the land; and hence this item of expense may well be said to have resulted from Whitehead's misconduct as the attorney of Godwin's guardian. Certain it is, it was not necessary to incur it in the acquisition and preservation of the title in the complainant, and the fact that it was incurred by respondent must therefore be chargeable to no necessity under which complainant labored, but to the wrongful interposition and subsequent negligence of the respondent. He is not entitled to be refunded the cost of the tax proceeding and sale, and the bill was not bad for omitting an offer to refund them.—*Johnston v. Smith's Adm'r*, 70 Ala. 108; *Cunningham v. Jones*, 37 Kan. 477; *Pearce v. Gamble*, 72 Ala. 341.

Construing the assignment most strongly against the demurrant—and a like result would probably be reached even without the invocation of this rule—the conclusion must be, that the objection it presents to the bill is, in part, with reference to its failure to offer to refund taxes paid by the respondent, and in so far the demurrer is well taken; and in the other part with reference to the absence of an offer to refund the costs of the tax-sale, and in this respect the demurrer is not well laid; or, in other words, that the demurrer is not good to the full extent which it covers, but to a part only; and should therefore have been overruled *in toto*. Otherwise, the effect would be to require the complainant to incorporate an offer to pay both taxes and costs, when, as we have seen, no such offer is necessary in respect of the costs of the proceedings.—Story's Eq. Pl., § 443.

Something is said in the chancellor's opinion with reference to a necessity resting on complainant to offer to pay the respondent for his services as an attorney in suing out the execution, and in the susequent proceedings under it. That question is not involved on this appeal, and we only mention it here for the purpose of saying that nothing in the foregoing opinion is to be taken as indicating our concurrence with the remarks of the lower court on that subject.

The decree sustaining the 6th assignment of demurrer is reversed; and a decree will be here rendered overruling that assignment.

Reversed and rendered.