# Western Railway of Alabama v. Arnett.

*Action against Railroad Company by Employe to recover Damages for Personal Injuries.*

1. *Appeal; rulings of court not reviewed when not insisted on in argument.*— On an appeal where counsel for the appellee does not, in his argument, insist upon certain rulings of the trial court. it will be presumed such rulings are waived, and they will not be reviewed.

2. *Same, effect of general assignment of error.*—Where in assigning errors upon rulings of the court in sustaining demurrers to several pleas, the assignment of error is not based upon these rulings severally, but upon them as a whole, if any of the grounds of the demurrer to either of the pleas was properly sustained, the ruling of the court in sustaining the demurrer will be upheld.

3. *Fraud; written instrument vitiated thereby.*—Where the execution of a written instrument is obtained by misrepresentation of its contents, and a party is induced by said fraud to sign an instrument which he did not intend to sign, the party so defrauded can avoid the effect of his signature because of the fraud practiced upon him, notwithstanding the fact he may have neglected to read the instrument or to have it read to him.

4. *Action against railroad company; sufficiency of replication charging fraud in procuring release set up by special plea.* In an action against a railroad company by an employe to recover damages for personal injuries, where the defendant by special plea sets up that before the institution of the suit the plaintiff, for a valuable consideration, compromised and settled all claim which he had against the defendant for such injuries, and the receipt and discharge is set out in full in such plea, a replication to such plea which avers that the settlement, discharge and compromise set out in the plea was procured by the misrepresentation of the defendant, and the facts constituting such alleged fraud are set

out at length therein, is a sufficient replication to avoid the defense set up, and is not subject to demurrer.

5. *Same; sufficiency of rejoinder.*—In such case a rejoinder which sets up that plaintiff "ought to have known the contents of such release set forth in defendant's plea," and although there was such duty on his part to know its contents the "plaintiff has never offered to return to the defendant the consideration received by him for the execution of said release," is insufficient and subject to demurrer.

6. *Same; sufficiency of plea.*—In an action against a railroad company by an employe to recover damages for injuries sustained by being thrown from a hand-car, a plea which sets up that plaintiff proximately contributed to the injury complained of in that after releasing his hold upon the lever which he had been assisting in propelling, he "squatted or stooped down and took hold of a certain beam or brace on such car, which he knew or by proper diligence could have known was loose or insecurely fastened, and by reason of such defect in said brace or beam plaintiff fell or was thrown from the car and received the injuries complained of," is insufficient and subject to demurrer in that it does not postulate that the plaintiff was negligent in taking hold of the said brace or beam.

7. *Action against railroad company by an employe; admissibility of evidence.*—In an action against railroad company by an employe to recover damages for personal injuries alleged to have been sustained by being thrown from a hand-car, and alleged to have been caused by the negligence of the defendant, where defendant sets up as its defense the contributory negligence of the plaintiff, and to sustain such defense introduces evidence tending to show that just before the injury the plaintiff had been assisting in propelling the hand-car on which he was riding by means of a lever, and that he was standing with his back towards the direction in which the car was going, which was in violation of the instructions of the section foreman, it is competent for the plaintiff, on being examined as a witness, to testify as to whether the position he was occupying was the usual or customary position for a man to occupy in propelling the car.

8. *Same; same.*—In such a case where, in addition to the facts above stated, there was also evidence for the defendant tending to show that the correct position for the plaintiff to have occupied while propelling the car was to stand behind the lever, it is not competent for the defendant to ask the section foreman "If it was possible for the plaintiff to have fallen as he did if he had been behind the lever?" such question calling for a conclusion of the witness.

[Western Railway of Alabama v. Arnett.]

9. *Same; same.*—In such a case it is competent on cross examination of the section foreman, who had testified to his having previously given instructions to the section hands to stand behind the lever when propelling car, to ask such witness if he made any objection to the way in which the section hands were propelling the car at the time plaintiff was injured.

10. *Same; same.*—In such a case it is not competent for the defendant to ask the section foreman as to whether he "ever gave them (the section hands) any orders on any other day?" or "when did you give them any instructions?" such questions not being limited in their scope as to the matter at issue.

11. *Action for negligence; where general affirmative charge should be given.*—In an action against railroad company by employe to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, where one of the counts of the complaint fails to state a cause of action and the negligence alleged in the other counts is not sustained by the proof, the general affirmative charge should be given at the request of the defendant.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought by the appellee, W. T. Arnett, against the appellant, The Western Railway of Alabama, in which the plaintiff claims $5,000.00 for personal injuries received by him while in the employment and service of the defendant as section hand or laborer on the track of defendant's road. The complaint contained four counts, and the averments of negligence as contained in said counts are as follows:

The first count charges that while plaintiff was riding on a hand car and supporting himself by holding to a certain brace thereon one of the other section hands on said car, acting under instructions and direction of the foreman, negligently and without warning to the plaintiff, applied the brakes to the wheels of said car, thereby suddenly checking the speed by reason of which plaintiff's weight and body was thrown violently against said brace, causing said brace to turn, give way, or break, thereby precipitating plaintiff violently to the ground in front of said car when said car then and there ran over plaintiff, etc.

[Western Railway of Alabama v. Arnett.]

The second count charges negligence of one S. I. Golden, section foreman, having superintendence and control of said car and the section hands thereon, in causing the speed of said car to be suddenly checked without warning to plaintiff, thereby causing plaintiff to fall and receive the injuries complained of.

The third count charges that the injury complained of was caused by reason of defects in the condition of said lever car on which plaintiff was riding in that a certain brace or beam which had been used in supporting what is called a running board on said car, was insecurely fastened to said car and by reason thereof said brace gave way, broke or turned, thereby precipitating plaintiff to the ground, from which he sustained the injuries complained of.

The fourth county charges negligence in general on the part of said Golden in operating, or causing to be operated, said car without specifying any particular act of negligence.

The defendant demurred to each of the counts of the complaint, which demurrers were overruled, but under the opinion it is unnecessary to set out these grounds of demurrer; the ruling of the court not being insisted upon in argument.

The defendant pleaded the general issue and several special pleas, setting up contributory negligence of the plaintiff and other defenses. Among the pleas setting up contributory negligence were the following: "~th. For further answer to the third count of the complaint the defendant says that plaintiff had knowledge that the brace or beam therein referred to was insecurely fastened to said car and with this knowledge he rode upon said hand car and assisted in propelling the same." "14th. And for further answer to the complaint and each count thereof separately, defendant says, that plaintiff caused or proximately contributed to the injury complained of in this, that while he was standing on the front end of said car, with his back in the direction in which said car was moving, said car was running at the rate of four or five miles an hour, and while he was holding on to a lever and assisting in propelling said

27c

car, he released his hold upon the same, and stopped or squatted down and took hold of a certain beam or brace on said car which he knew, or by proper diligence could have known was loose, or insecurely fastened, and by reason of said defection in said brace or beam plaintiff fell or was thrown from the car and received the injuries complained of."

The 4th and 5th pleas were as follows: "4th. For further answer to the complaint defendant says that it has paid the demand for the recovery of which this suit was brought before the action was commenced.

"5th. For further answer to the complaint the defendant says that for the alleged injury to plaintiff, to-wit, on the 5th day of Jan. 1900, it compromised and settled any and all claim which plaintiff had against the defendant for said injury for a valuable consideration and took his written release therefor in words and figures as follows, to-wit:" Then follows a written instrument signed by plaintiff, which is a release and discharge in full of defendant for damages resulting from said injury; the consideration expressed being the payment to plaintiff of $25, the receipt of which is acknowledged.

The plaintiff demurred to each of the special pleas. The demurrers to the 2d, 3d and 8th pleas were sustained. The grounds of demurrer to the 8th plea were as follows: "1. Said plea does not show when the plaintiff obtained knowledge that the brace or beam on said car was insecurely fastened. 2. Said plea does not allege or show that the plaintiff had been afforded a reasonable opportunity to inform the defendant or its agent of said defect."

The assignment of error based on the ruling of the court in sustaining the demurrers to pleas 2, 3, and 8 were as follows: "The court erred in sustaining plaintiff's demurrers to defendant's pleas numbered 2, 3, and 8."

The 7th and 9th pleas were stricken on motion of the plaintiff, but under the opinion it is unnecessary to set out at length these pleas or the motion.

To the 14th plea the plaintiff demurred upon the following grounds: "1. It is not shown in said plea that

plaintiff knew or had reason to believe that there was a safer and better way for him to perform his duty while on said car. 2. The fact that said car was suddenly jerked by the negligent act of the defendant's agent was not denied in said plea, nor does said plea set up any matter in avoidance of such allegation. 3. The facts set forth in said plea do not sustain the conclusion therein averred that the negligence of plaintiff proximately contributed to the injury complained of. 4. Said plea fails to aver that it was the duty of plaintiff to hold on to the lever or crank of said car at the time he received the injuries complained of. 5. Said plea does not show when the plaintiff obtained knowledge that the brace or beam on said car was insecurely fastened. 6. Said plea does not allege or show that plaintiff had been offered a reasonable opportunity to inform the defendant or defendant's agents of said defect. 7. Said plea is not an answer to the first count of the complaint."

The demurrer to the 14th plea was sustained. The demurrers to the pleas other than those just above referred to were overruled.

To the 4th and 5th pleas the plaintiff filed a general replication, taking issue thereon, and also the following special replication: "1. And for replication to pleas 4 and 5, respectively, plaintiff says that shortly after he received the injuries complained of in his complaint, and while at his home confined to his bed on account of said injuries, and while suffering great and intense pain therefrom, an officer and agent of the defendant corporation came to plaintiff's home, and stated to him substantially as follows: That one Smith, who plaintiff avers was then the president of the defendant corporation, desired to make plaintiff a present of twenty-five dollars; that plaintiff was a white man and he felt sorry for him, and thereupon handed to plaintiff $25 in money, and then and there stated to plaintiff that the defendant company would look after him when he got well, and give him a permanent job when he got up, and thereupon produced a paper which said officer or agent held in his hand, and requested plaintiff to sign. Plaintiff thereupon asked what the paper was, to which

[Western Railway of Alabama v. Arnett.]

said officer or agent replied that it did not amount to anything; that it was simply a paper stating that plaintiff had no ill will or hard feelings against defendant company; that plaintiff did not read said paper and did not know the contents thereof, but, acting and relying upon the statements of said officer and agent, under the circumstances hereinabove set forth, signed the same. Plaintiff had no knowledge of the contents of said paper, and he signed no other paper purporting to be a release of said claim except as hereinabove mentioned, nor did he ever receive any money from the defendant in payment of his claim, nor has said claim ever been paid or satisfied in any way."

To this replication the defendant demurred upon the following grounds: "1. Because the matters therein set forth are not sufficient to avoid the legal force of the facts set forth in said pleas. 2. Because it attempts to vary by parole the terms and conditions of a written contract. 3. Because the facts therein set forth show that it was plaintiff's duty to have read said paper before signing the same, and that he is bound by the same whether he read it or not. 4. Because it shows that plaintiff could by reasonable and proper diligence on his part have known the contents of said paper. 5. Because the facts therein set forth show that plaintiff is bound by the conditions of the paper that he did sign, whether he knew the contents thereof or not. 6. Because said replication does not show that plaintiff has ever offered to return to the defendant the consideration set forth in the release set up in said pleas. 7. Because it does not show that plaintiff could not read or was otherwise prevented from ascertaining the contents of said paper." This demurrer was overruled.

The defendant filed the following rejoinder to the plaintiff's special replication to pleas 4 and 5: "Comes the defendant and for rejoinder to plaintiff's replication to pleas Nos. 4 and 5 says, that plaintiff was a man of intelligence and education and could read and write and was fully capable of making a contract rationally, and that while in this condition he received the pay-

ment referred to in defendant's pleas Nos. 4 and 5 and executed the release set out in plea 5, and that the time he received it he either knew or ought to have known the contents of the said release set forth in defendant's plea No. 5; and defendant avers that plaintiff with this knowledge or duty has never offered to return to defendant the consideration received by him for the execution of said release." The demurrer to this rejoinder was sustained. Issue was then joined upon the pleas as stated in the opinion.

On the trial of the case the following facts were shown by the evidence without conflict: At the time of the injury complained of plaintiff was in the employment of the defendant as section hand on its road, and was under the superintendence, direction and control of one S. I. Golden, who was section foreman. Just preceding the injury to the plainitff the foreman and the section hands started from their work over to the section house for dinner. For this purpose they boarded a hand or lever car. There were on this car Golden and the plaintiff, and four other section hands. The car was equipped with a lever which had two handles, one in front and one in the rear, by means of which the car was propelled. Two of the section hands used the rear handle of the lever and the remaining three section hands including the plaintiff, used the front handle of the lever. The other four section hands stood behind the lever handles with their faces in the direction in which the car was going. The plaintiff stood between the two other section hands who were working the front handle of the lever, and his back was turned towards the direction in which the car was going.. When within a short distance of the section house, where the car was to be stopped, the section hands ceased to propel the lever and took their hands therefrom. Thereupon the plaintiff squatted down from where he had been standing. It was while in this position that plaintiff fell off. The car ran over the plaintiff, breaking one of his legs near the hip joint, and inflicting other injuries. On the side of the car nearest which the plaintiff squatted down after releasing the lever handle, there was a brace or beam which was used

to support a running board. The evidence of the plain-
tiff tended to show that after he had released the lever
handle and stooped down in a sitting position, just be-
fore reaching the required stopping place, and while his
back was turned to Golden, the section foreman, one
of the section hands on said car, in obedience to instruc-
tions from said Golden, suddenly applied the brakes on
said car without giving notice or warning to plaintiff,
and that by reason of the sudden jerk thereby given
the car plaintiff's body was thrown violently against
the brace or beam on the side of the car, which brace
or beam turned, or gave way, and plaintiff was thrown
to the ground in front of the moving car; that the
plaintiff's position and the condition of the car was well
known to the foreman Golden, and that there was no
other feasible or safe place for the plaintiff to occupy
while performing the duties required of him.

The evidence for the defendant tended to show that
plaintiff was in the act of falling when the foreman Gol-
den gave the order to apply the brake and when the
brake was applied; that the order was given for the
purpose of preventing him from falling; that the proper
place for him to have worked in propelling said car was
behind the lever with his face turned in the direction
in which the car was going and not in the position
which he occupied. Defendant also introduced evidence
tending to show that the sum of $25 had been paid the
plaintiff in full settlement and discharge of all damages
therefrom by plaintiff for injuries sustained in falling
from said car; that the plaintiff had executed to the
defendant a written release, which was copied in the
5th plea and which was produced in evidence; and
that at the time of the execution of this written release
the meaning of the release and what was contained there-
in was explained to plaintiff by defendant's agent.

In rebuttal the plaintiff testified, and he also intro-
duced other evidence tending to show, that he had never
been paid anything by the defendant in settlement of
his claim for damages against the defendant; that he
had never executed a release or discharge of the defend-
ant of said damages, and that while he was in bed on

account of said injuries, the general paymaster of the defendant came to his house and gave him $25.00 in money, stating that it was a gift from the president of the road, and that upon said paymaster asking him to sign a paper which was presented to him, and upon his asking said paymaster what is was, he was told that it amounted to nothing, and was a statement on the plaintiff's part that he bore no ill will towards the defendant; that the plaintiff did not read the paper, nor was it read to him, nor did he know its contents, but acting on the statements made him by defendant's paymaster he signed it.

Among the charges requested by the defendant, to the refusal to give each of which the defendant separately excepted, was the general affirmative charge in its favor. There were verdict and judgment for the plaintiff assessing his damages at $1,500.00, and there was a motion made by defendant for new trial upon the grounds that the verdict of the jury was contrary to the law and the evidence, and that the court erred upon its rulings during the trial. The motion was overruled and defendant duly excepted. Defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

GEO. P. HARRISON, for appellant.—It has been well settled by this court that if there are two apparent ways of discharging the required service—one more dangerous than the other—the employe' is bound to select the latter and is guilty of such negligence as will bar an action for damages if he selects the former and is thereby injured.—*Mobile & Ohio R. R. Co. v. George*, 94 Ala. 199; *Louisville & Nashville R. R. Co. v. Orr*, 91 Ala. 548; *Memphis & Charleston R. R. Co. v. Graham*, 94 Ala. 545.

The court erred in overruling the defendant's objection to the question asked the plaintiff when being examined as a witness, as to whether the position he occupied just before the injury was the usual and customary position for a man to occupy. Custom and usage is not admissible to justify the doing of an act which is negligent *per se.*—*Andrews Case*, 99 Ala. 438.

[Western Railway of Alabama v. Arnett.]

Custom of going between moving cars to make coupling held not admissible.—*M. & C. R. R. Co. v. Graham*, 94 Ala. 545.

Custom to ride on pilot of an engine held not admissible.—*Warden v. L. & N. R. R. Co.*, 94 Ala. 277.

Custom of walking on railroad tracks not admissible. *Glass v. M. & C. R. R. Co.*, 94 Ala. 581.

One cannot relieve himself from the effects of negligence by showing the custom to do such acts.—*George v. M. & O. R. R. Co.*, 109 Ala. 256; *Hill v. Birmingham Union Railway Co.*, 100 Ala. 437.

An employer need not warn an employe of apparent defects and obvious dangers.—*Holland v. T. C. & I. R. R. Co.*, 91 Ala. 444; *L. & N. R. R. Co. v. Boland*, 96 Ala. 626; *Same Case*, 106 Ala. 641; *E. T. V. & G. R. R. Co. v. Turvavile*, 97 Ala. 122; *L. & N. R. R. Co. v. Banks*, 104 Ala. 508.

If the employe, while engaged in the service, acquires knowledge of any defect in the materials, machinery, or instrumentalities used, and notice thereby of an increased risk of danger, and afterwards continues in the service, without objection or notice to the employer, he assumes the increased risk himself; but he may notify the employer of the defect, and continue in the service for a reasonable time, relying on the promise of the employer to remedy the defect. Yet, if the defect is not remedied within the promised time, his further continuance is at his own risk, and he is guilty of contributory negligence.—*Alabama Great Southern R. R. Co. v. Davis*, 119 Ala. 572; *L. & N. R. R. Co. v. Stutts*, 105 Ala. 376; *Birmingham R. & Electric Co. v. Allen*, 99 Ala. 359; *Georgia Pacific R. Co. v. Davis*, 92 Ala. 309; *L. & N. R. R. Co. v. Hall*, 87 Ala. 708; *Eureka Co. v. Bass*, 81 Ala. 201.

LOMAX, CRUM & WEIL and GORDON MACDONALD, *contra.*—The replication to pleas 4 and 5 was sufficient, and the rejoinder to the replication was insufficient. *Beck v. Houppert*, 104 Ala. 503; *The Bank of Guntersville v. Webb*, 108 Ala. 132; *Tillis v. Austin*, 117 Ala. 262; *Folmar v. Siler*, 132 Ala. 297; 31 So. Rep. 719; 1 Jaggard on Torts, § 107.

· There was no error in the ruling of the court upon the charges requested.—*Holland v. Tennessee C. I. & R. R. Co.*, 91 Ala. 454; *L. & N. R. R. Co. v. Tanner*, 60 Ala. 621.

HARALSON, J.—1. The defendant demurred to the counts in the complaint, which were overruled. Errors were assigned for the overruling of these demurrers, but they are not insisted on in argument, and are therefore waived. The same is true of the ruling of the court in striking pleas 7 and 9, the basis of assignment of error numbered 4.

It may be said as to sustaining the demurrers to pleas 2, 3, and 8, that if any of the grounds were properly sustained, the assignment of error cannot be allowed, for the reason that it is not based upon these rulings *severally*, but upon them as a whole. Sustaining the demurrer to the 8th plea was good, and, therefore, the ruling sustaining the demurrers to the three pleas was without error.—*Goodwin v. Whitehead*, 95 Ala. 409; *Kennon v. W. U. T. Co.*, 92 Ala. 399; *Coleman v. Pike County*, 83 Ala. 326.

2. The 4th plea was payment, and 5th, that the defendant, before suit commenced on January 5th, 1900, for a valuable consideration, compromised and settled all claim which plaintiff had against it for said injury. Said receipt is set out in full in the plea. The plaintiff replied, taking issue on the pleas, and specially, that said alleged compromise was procured by the fraud and misrepresentations of defendant. If the facts set up in this replication are true, the plaintiff, though he executed said receipt and acquittance, was not bound thereby. When the execution of a written instrument is procured by a misrepresentation of its contents, and the party is induced by such fraud to sign it when he did not know he was signing such an instrument, and which he did not intend to sign, the party so defrauded may avoid his signature, because of the fraud practiced upon him, notwithstanding he may have neglected to read the instrument, or have it read to him. But, he must establish the fraud by clear and satisfactory proof.—*Beck v. Houppert*, 104 Ala. 503; *The Bank of*

*Guntersville v. Webb,* 108 Ala. 132; *Tillis v. Austin,* 117 Ala. 262; *Folmar v. Siler,* 132 Ala. 297; 31 So. Rep. 720.

3. Nor was there error in sustaining the demurrer to the rejoinder of defendant to plaintiff's special replication to pleas 4 and 5 for the reason, that the rejoinder sets up that the plaintiff "ought to have known the contents of the said release set forth in defendant's plea No. 5," and with the "duty to know, has never offered to return to defendant the consideration received by him for the execution of said release." Without *knowing* what the release contained, it was not binding on him. Moreover, the replication set up that the $25 was a gift by defendant to plaintiff. If so, he was under no duty to return it.

4. Plea 14 was bad in that it does not postulate that the plaintiff was negligent in taking hold of the beam. The fact that he took hold of the beam which he ought to have known was loose, was not negligence as a matter of law, and the plea does not allege it was negligence in him to do so.

The case was tried upon the several counts in the complaint, with general issue thereon, on pleas 6, 10, 11, 12, and 13, and on plaintiff's replication to pleas 4 and 5.

5. The plaintiff, when examined as a witness for himself, gave an account of the movements of the handcar from which he was thrown, and which he was assisting in propelling, the condition the car was in and the position that he and others occupied on it at the time. He said that the parties who operated the crank were standing, two operating the lever in the rear and three in front; that he was one of the three who were working it in front, and that he was in front of the lever, cranking in the center. At this point his attorney asked him: "Was that the usual and customary position for a man to occupy?" The object of the question,—for which it was proper,—was to show, that plaintiff had not assumed an unusual and dangerous position on the car while he was in discharge of his duty, and not as contended by defendant, to establish a cus-

tom to justify the doing of an act which was negligence *per se.*

6.   Golden, a witness for defendant, testified to being on the car; that he did not remember paying any attention to plaintiff after he got on the car, before he turned the lever loose; that he did not know what he was doing when he fell, and was falling at the time he saw him, at which time, witness threw up his hands for brakes which had not been on before he discovered plaintiff; that he fell like he was going off headforemost, and that plaintiff was falling in front of the lever.    Here, the defendanta's attorney asked him: "If it was possible for him to have fallen as he did, if he had been behind the lever?" To this question, before it was answered the plaintiff objected, but the witness answered that he could not have fallen if he had been behind the lever, and plaintiff moved to exclude the answer which was done.   It called for a conclusion of the witness, and not for a fact, as to a matter proper for the consideration and determination of the jury, on facts stated.    That the witness was section foreman, made no difference as to the proper exclusion of the answer.

7.   This witness shown to be foreman in charge of the car, was asked on the cross, if he made any "objection to the way in which they [the men operating the crank or lever, including plaintiff] were handling the car, and the way they were cranking?" and he answered, "No sir."   He further stated that he made no objections to the position they were occupying on that occasion, and he gave them no orders to occupy any other position on that occasion.    The question was proper on the cross. Golden had testified that he had given orders that none of the men should stand in front of the car to pull, and the answer was pertinent as going to his credibility, in that he saw him in front and did not object to it.

8.   On the re-direct examination, defendant asked him: "Did you ever give them any orders on any other day?"   An objection was properly sustained to the question.    The question as propounded embraced any kind of orders, and not especially orders about the position the

parties on the car occupied when propelling it. The court cannot be put in error for disallowing so general and indefinite a question. It should have been limited in its scope to the matter then in hand. The same difficulty befalls the other question following the last one: "When did you give them any instructions?"

9. We need not refer to the charges which were given and refused, to the giving and refusal of which defendant excepted, except to the 1st,—the general charge for the defendant,—which was refused.

The first count in the complaint fails to state any cause of action, in that the negligence averred is attributed to one of the section hands, a fellow servant, not acting in the capacity of superintendence.

The defect in the brace or beam as alleged in the 3d count, for the purposes for which it was intended, did not exist, and the brace for such purposes was not shown to have been defective at all, so that it may be said the averments of negligence in this count were not proved.

The only evidence relied on to support the 2d count is, that Golden, the foreman, negligently ordered brakes applied without notifying the plaintiff, or the crew that he was going to give the order. The car, according to plaintiff's testimony, was within about 30 yards of its destination, the tool house, and after they had gotten within 50 or 60 yards of that house, they had speed enough to run there with the momentum of the car, and the propelling lever was let loose in order for the car to have its own speed to the house. When about 30 yards from the house one Lucius Gibson applied the brake suddenly and plaintiff was thrown off the car. It was not shown that Golden's directions for brakes was to apply them in any particular manner, nor that there was any negligence in giving the order. The evidence, therefore, fails to support counts of the complaint, and the general charge should, as requested, have been given for defendant.

Reversed and remanded.