(93 South. 222)

PAYNE, Director General of Railroads, v. COLEMAN. (6 Div. 951.)

(Court of Appeals of Alabama. May 19, 1922.)

**I. Release ⬤⟩39—Injured employee, who signed instrument releasing employer from liability, could not recover for injuries.**

In the absence of fraud, deceit, or misrepresentation of the contents, instrument signed by injured employee, releasing employer from liability, precluded employee from recovering for injuries.

**2. Release ⬤⟩24(2)—Injured employee required to disaffirm release obtained by fraud and tender back money received.**

Injured employee, whose signature to release was obtained by fraud, in order to recover for the injuries, was required, on discovery of the fraud, to disaffirm the transaction and tender back the money received.

---

⬤⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 62.    [2] Ante, p. 318.

**3. Release ⬤⇒22—Injured employee's right to disaffirm release lost by delay.**

Injured employee, who did not disaffirm release for more than two years after discovery of the contents, could not avoid the release on the ground that it did not contain what he thought it did at the time he signed it.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by William Coleman against John Barton Payne, as Director General of Railroads, operating the Illinois Central Railroad, for damages for personal injuries received in a collision. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

The plaintiff was bound by the release, as no fraud was shown in its procurement. 170 Ala. 530, 54 South. 280; 144 Ala. 246, 40 South. 394, 6 Ann. Cas. 804; 17 Ala. App. 358, 86 South. 103. Before plaintiff can disaffirm, he must make restitution. 158 Ala. 470, 48 South. 546; 2 Ala. App. 531, 56 South. 882, and authorities supra.

H. M. Abercrombie, of Birmingham, for appellee.

Counsel discusses the various assignments of error, but cites no authority.

SAMFORD, J. There are 16 assignments of error, raising many questions of law, involving constructions of the acts of Congress taking over the railroads and orders issued by the President of the United States and the Director General of Railroads, which under our view of this case, as presented by the record, are unnecessary of decision, and therefore we do not pass upon them.

[1, 2] The plaintiff was injured while acting in the line and scope of his employment as a laborer on one of defendant's work trains early in August, 1919. On August 12, 1919, he signed, in the presence of three witnesses, an instrument in writing, expressing a consideration of $50, releasing defendant from any and all liability growing out of the injuries for which he now sues, the defendant signing his own name to the release. In the absence of fraud, deceit, or misrepresentation of the contents, upon which the plaintiff relied, this release is a complete answer to the complaint, and, even if plaintiff's signature was obtained by fraud, etc., the plaintiff, upon discovery of the fraud or deceit, must promptly disaffirm the transaction and tender back the amount of money received under it. Birmingham Ry., L. & P. Co. v. Jordan, 170 Ala. 530, 54 South. 280; Wooddy v. Mathews, 69 South. 609;[1] U. S. C.

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 194 Ala. 390.

I. & F. Co. v. Marler, 17 Ala. App. 358, 86 South. 103. In the last-cited case the Supreme Court, in Ex parte Marler v. U. S. C. I. P. & F. Co., 204 Ala. 342, 86 South. 108, approved as the correct statement of the law relating to the setting aside of releases for fraud, etc., the dissenting opinion, but does not effect the holding of the majority upon the question here involved. We have considered the evidence en banc, from which we conclude that there is no evidence upon which a jury could reasonably base a verdict that the release was not binding.

[3] Even if plaintiff could pass that point, the testimony without conflict shows that he did not elect to disaffirm for more than two years after he knew the release did not contain what "he thought it did." The defendant should have had the general affirmative charge, and for the error of the court in refusing to give this charge, and without passing on any other questions, the judgment is reversed, and the cause is remanded.

Reversed and remanded.