14 So.2d 585
### DRINKARD et al. v. EMBALMERS SUPPLY CO.
### 8 Div. 213.

Supreme Court of Alabama.

June 30, 1943.

Rehearing Denied Aug. 7, 1943.

Norman W. Harris, of Decatur, for appellants.

Russell W. Lynne, of Decatur, for appellee.

**LIVINGSTON, Justice.**

The appeal is upon the record proper, and presents but a single question, the propriety of the trial court's action in overruling defendants' demurrers to plaintiff's replication numbered 3 to defendants' plea numbered 4.

The suit is against E. L. Drinkard, B. T. Howell, and William H. Drinkard, Jr., doing business under the name and style of the Drinkard-Howell Funeral Company (or Home). Recovery against William H. Drinkard, Jr., was denied, and a judgment discharging him was entered.

The complaint consists of two counts. Count one claims on account, and count two claims the purchase price of certain embalming fluid and equipment alleged to have been sold by plaintiff to defendants under and by virtue of the terms of a written contract, a copy of which contract is attached to and made a part of count two.

Each defendant filed a special plea numbered 4, alleging that plaintiff's agent procured the execution of the contract sued on by fraudulently misrepresenting its nature and contents to defendant Howell. The facts alleged in pleas 4 were that plaintiff's agent told Howell that E. L. Drinkard had made a contract to buy fifty cases of embalming fluid from plaintiff for Drinkard-Howell Funeral Home, and that Drinkard wanted Howell to order out for shipment so much of said fluid as was then needed, and that the written instrument signed by Howell was merely an order for the shipment out of ten cases of the fluid, which Drinkard had contracted to buy. The pleas further alleged that these representations were untrue, and that in fact Drinkard had not made any such contract; that such false representations were made with actual intent to deceive, were relied upon by, and did deceive Howell.

Plaintiff's third replication to defendants' plea 4 alleges, in substance, that upon receipt of said order-contract signed by defendant Howell, plaintiff acknowledged same by letter addressed to defendants, and, within a reasonable time, shipped the embalming fluid to defendants; that sometime thereafter plaintiff received a letter from E. L. Drinkard stating that some one had shipped defendants the embalming fluid in question, but defendants could not dispose of same on account of not knowing who bought it, and defendants had not received an inventory, and requested to be advised. That plaintiff, upon receipt of said letter, advised defendants, by letter which is set out in the replication and which states in substance, that the embalming fluid was shipped by reason of the contract signed by Howell. The replication further alleges that, "Defendants, after being fully advised of the matters as set forth in said letter, retained the said fluid and did not return same to plaintiff."

Defendants' demurrers to the replication raise the question as to whether or not there is any duty upon the partnership to return merchandise shipped to it by virtue of a contract for the purchase of such merchandise where the contract was procured by fraud in the factum, as distinguished from fraud in the inducement.

In this connection it is important to keep in mind the nature or class of fraud

which plaintiff's replication purports to answer. The allegations are that plaintiff's agent told Howell that the instrument which he signed, and which is the foundation of the suit, was merely an order for the shipment out of ten cases of embalming fluid, when, as a matter of fact, the instrument was itself a contract for the purchase of fifty cases of fluid. The allegations are to the effect that Howell signed an instrument he did not know he was signing, and one that he never intended to sign. Clearly, such misrepresentations are of the class which the authorities term "fraud in the factum," or "fraud in the execution," as distinguished from "fraud in the treaty" or "fraud in the inducement."

The rule relative to the effect of fraud in the factum is stated in the case of Burroughs v. Pacific Guano Co., 81 Ala. 255, 1 So. 212, 213, thus:

"Where a person signs an instrument without reading it, or, if he can not read, without asking to have it read to him, the legal effect of the signature cannot be avoided by showing his ignorance of its contents, in the absence of some fraud, deceit, or misrepresentation having been practiced upon him. But the rule is otherwise, and the instrument will be held void, where its execution is obtained by a misrepresentation of its contents,—the party signing a paper which he did not know he was signing, and did not really intend to sign. It is immaterial, in the latter aspect of the case, that the party signing had an opportunity to read the paper; for he may have been prevented from doing so by the very fact that he trusted to the truth of the representation made by the other party with whom he was dealing. Goetter v. Pickett, 61 Ala. 387; Dawson v. Burrus, 73 Ala. 111; Foster v. Johnson, 70 Ala. [249] 251; Davis v. Snider, [70 Ala. 315] 317; Johnson v. Cook, 73 Ala. 537. What the rule would be in a case where the instrument sued on is commercial paper, the plaintiff being a bona fide holder for value before maturity, and the defendant has been guilty of negligence in signing it before delivery, we do not now decide. Abbott v. Rose, [62 Me. 194] 16 Am.Rep. 427; Chapman v. Rose, [56 N.Y. 137] 15 Am. Rep. 401, and cases cited; Gibbs v. Linabury, [22 Mich. 479] 7 Am.Rep. 675; First Nat'l Bank v. Johns [22 W.Va. 520], 46 Am.Rep. 506, 519. * * *

"If the instrument sued on was void for fraud in its execution, as alleged in those pleas, it was of no more binding efficacy on the defendant than if it had no existence, or were a piece of waste paper." See, also, Beck & Pauli Lithographing Co. v. Houppert & Worcester, 104 Ala. 503, 16 So. 522, 53 Am.St.Rep. 77; 23 Amer.Jur. (fraud and deceit) section 96; 1 page on Contracts, 2d Ed., section 229; Eldorado Jewelry Co. v. Darnell, 135 Iowa 555, 113 N.W. 344, 124 Am.St.Rep. 309.

Defendants' pleas are to the effect that the contract sued on is void.

Generally, where goods are delivered, as under a sale, but without an authorized order therefor, the goods may either be accepted or rejected by the buyer, and until accepted they remain the property of the seller, and the mere fact that the person to whom the goods have been delivered fails to notify the sender that he will not buy, does not constitute such an acceptance as will convert the transaction into a contract of sale, unless by reason of the circumstances, such as the course of dealing between the parties, it is the duty of the buyer to notify the seller if he intends to refuse to accept goods, in which case an acceptance thereof and a binding contract of sale, will be implied if he remains silent and retains the goods or resells them. 55 Corpus Juris, section 60, page 96; Hobbs v. Massasoit Whip Co., 158 Mass. 194, 33 N.E. 495.

Under the pleading, the contract being void there is no occasion for a rescission; there is nothing to rescind. This must be so for the minds of the parties have never met. As a consequence, title to or ownership of the property has never passed. The averment that, "defendants, after being fully advised of the matters as set forth in said letter, retained the said fluid and did not return same to plaintiff," is nothing more than an averment of nonaction on the part of the defendants, when there was no duty to act. There is no averment that defendant ever exercised acts of ownership or in any way treated the fluid as their own.

The cases relative to rescission and restitution have no application here. But in that connection see, Harrison v. Alabama Midland Ry. Co., 144 Ala. 246, 40 So. 394, 6 Ann.Cas. 804; Birmingham Ry. Lt. & Power Co. v. Jordan, 170 Ala. 530, 54 So. 280; Birmingham Ry. Lt. & Power Co. v. Hinton, 158 Ala. 470, 48 So. 546; Stephenson v. Allison, 123 Ala. 439, 26 So. 290.

622

Plaintiff's replication alleges no circumstances creating a duty on the part of defendants to act in regard to the shipment of embalming fluid. Defendants' demurrers to plaintiff's replication should have been sustained, and the cause must be and is reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and THOMAS, BOULDIN, BROWN, FOSTER, and LAWSON, JJ., concur in the result as indicated below:

PER CURIAM.

Our authorities have adopted the view that when a contract is procured by fraud, and defendant receives goods or money as a feature of the consideration, there is a duty to exercise an election to rescind and give notice of that election in due time, although the fraud related to the contents of the paper. These authorities make no distinction by reason of the fraud being in that respect. Standard Tilton Milling Co. v. Mixon, 243 Ala. 309, 9 So. 2d 911; Illinois Central R. Co. v. Johnston, 205 Ala. 1, 87 So. 866; Commercial Finance Co. v. Cooper Bros., 196 Ala. 285, 71 So. 684; Birmingham R. L. & P. Co. v. Jordan, 170 Ala. 530, 54 So. 280.

The cases in other states seem to make such a distinction. See 134 A.L.R. 12; Page on Contracts, page 36. But this State has not accepted that view.

We think the demurrer to the replication should be sustained on grounds 3, 11 and 15; but not for reasons discussed in the opinion by Mr. Justice Livingston, supra. We concur in the result thus reached.

GARDNER, C. J., and THOMAS, BOULDIN, BROWN, FOSTER, and LAWSON, JJ., concur.