669 So.2d 890 (1995)
Ex parte Thomas A. LORANCE, M.D.
(Re Thomas A. LORANCE, M.D., an individual v. SOUTHERN HEALTH CORPORATION OF HAMILTON, INC., et al.).
1930140.
Supreme Court of Alabama.
November 3, 1995.
*891 Roger L. Bates and I. Ripon Britton, Jr. of Tingle, Sexton, Murvin, Watson & Bates, P.C., Birmingham, for Petitioner.
Jeffery A. Mobley of James, Lowe & Mobley, Haleyville, for Respondent.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
ALMON, Justice.
The United States Supreme Court has vacated our original judgment, which was based on our opinion of February 11, 1994, and has remanded this case for further consideration in light of that Court's opinion in Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. ___, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). See Southern Health Corp. v. Lorance, ___ U.S. ___, 115 S.Ct. 930, 130 L.Ed.2d 876 (1995).
The original opinion of this Court is published at 632 So.2d 475. The essential facts of the case are set out in that opinion, as follows:
"The plaintiff, Thomas A. Lorance, M.D., petitions this Court for a writ of mandamus directing Judge Bobby R. Aderholt of the Marion County Circuit Court to set aside an order compelling arbitration of tort and breach-of-contract claims brought by Lorance against Southern Health Corporation of Hamilton, Inc. (`Southern Health'); Niles V. Floyd, vice president of Southern Health; and Frank Jenkins, M.D.* The issue is whether the arbitration clause in the professional services contract entered into by Lorance and Southern Health is enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 et seq.....
". . . .
"In March 1992, Lorance and Southern Health entered into a `Net Income Guarantee Agreement,' under which Lorance agreed to establish a medical practice in Hamilton, Alabama, in exchange for Southern Health's promise to help Lorance establish his practice and to subsidize his net practice income during the term of the contract by paying him $15,000 per month. This contract contained an arbitration clause, which required that all claims or controversies arising out of or relating to the contract be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association and that the arbitration be conducted in Atlanta, Georgia.
". . . .
"In its written order, the circuit court held that Lorance and Southern Health contemplated substantial interstate activity in the performance of the contract, noting that when the contract was negotiated, Lorance was a California resident and Southern Health was a Georgia corporation; that the negotiations took place, and the contract was executed, outside Alabama; that the income guarantee payments to Lorance by Southern Health originated in Atlanta, Georgia; and that Lorance and agents of Southern Health communicated numerous times concerning the establishment of Lorance's practice, *892 e.g., they communicated in regard to marketing, medical equipment, and supplies.
"*Jenkins is apparently an officer of Southern Health, although the petition does not indicate his title."
632 So.2d at 476-77.
This Court held that the Federal Arbitration Act was inapplicable because, it stated, interstate communications "do not, by themselves, support an inference that the parties contemplated substantial interstate activity" and because "the scope of the Net Income Guarantee Agreement was not so extensive as to include substantial interstate activity." 632 So.2d at 477-78. Thus, we granted the writ of mandamus, based upon § 8-1-41(3), Ala.Code 1975, which prohibits specific enforcement of "[a]n agreement to submit a controversy to arbitration."
The Supreme Court held in Allied-Bruce Terminix that the Act's language, making enforceable an arbitration provision in "a contract evidencing a transaction involving commerce," is applicable "to the limits of Congress' Commerce Clause power," and that, because the transaction in that case, in fact, involved interstate commerce, the Act was applicable and preempted state law. 513 U.S. at ___, 115 S.Ct. at 837; 9 U.S.C. § 2.
None of the parties in this case has communicated with this Court concerning the effect the United States Supreme Court's ruling in Allied-Bruce Terminix may have on this Court's original decision. We conclude that rebriefing is unnecessary, because the issues presented on remand were adequately addressed by the parties in their original briefs submitted to this Court. Therefore, the cause has been submitted on the order of remand and on the original petition, answer, and briefs. In Dr. Lorance's petition for the writ of mandamus, he argued that the circuit court's order compelling arbitration was erroneous, because, he argued: the Federal Arbitration Act was inapplicable; the claim for arbitration was based upon a contract attacked on the basis of fraud, suppression, and deceit; and the order "unlawfully bifurcates the petitioner's claims against individual defendants and [his claims against] the corporate defendant, Southern Health."
Initially, we hold that this contract "involv[es] commerce," as that statutory term was interpreted by the United States Supreme Court in Allied-Bruce Terminix. The circuit court stated in its order compelling arbitration: "It would appear from the evidence presented to this Court that Dr. Jenkins and other employees of Southern Health, in fact, engaged in interstate commerce as regards their performance obligations under this contract with Dr. Lorance...." The order cited examples of such commerce that, although insufficient to establish that the parties contemplated substantial interstate activity, are sufficient to establish that the transaction did, in fact, involve interstate commerce. Thus, the Federal Arbitration Act is applicable to the arbitration clause contained in the professional services contract in this case. In cases before this Court to which the Federal Arbitration Act is applicable, federal substantive law regarding arbitration is to be applied. Ex parte Warrior Basin Gas Co., 512 So.2d 1364 (Ala.1987) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).
Dr. Lorance argues that "even if the Court determines that the matter is subject to arbitration, the arbitration should be stayed until the Petitioner has had an opportunity to adjudicate his fraud-in-the-inducement claims which, if successful, would void the arbitration provision." Dr. Lorance's argument, however, is contrary to applicable law. As long as an arbitration clause is broad enough to encompass claims of fraud in the inducement of the contract in which it is found, any claims as to fraud in the inducement of the contract generally, as opposed to the arbitration agreement specifically, are subject to arbitration. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); Coleman v. Prudential Bache Securities, Inc., 802 F.2d 1350 (11th Cir.1986); Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332 (Ala.1991). Here, the arbitration clause states: "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration. *893 ..." Clearly, Dr. Lorance's claims as to fraud in the inducement of the contract "relat[e] to" the contract, and the arbitration clause is therefore broad enough to encompass those claims. Dr. Lorance did not allege any claims of fraud in the inducement specific to the arbitration provision itself. Thus, all claims attacking the contract on the basis of fraud, suppression, deceit, etc., are subject to arbitration.
Finally, Dr. Lorance contends that submitting his claims against Southern Health to arbitration would unlawfully bifurcate his claims. This argument is stated in Dr. Lorance's petition for the writ of mandamus, but he makes no further development of this argument and provides no citation to any authority in support of this argument. Southern Health's brief in response to Dr. Lorance's petition for the writ of mandamus suggests that Dr. Lorance's complaint may not adequately plead fraud against the individual defendants in the first place. Dr. Lorance's reply brief does not address that suggestion. Therefore, Dr. Lorance has failed to show that he is entitled to mandamus relief.[1]
WRIT DENIED.
SHORES, HOUSTON, KENNEDY, INGRAM, and BUTTS, JJ., concur.
MADDOX, J., concurs in the result.
MADDOX, Justice (concurring in the result).
I concur only with the result, which is to remand the cause to the trial court. See my special concurrence in Allied-Bruce Terminix Cos. v. Dobson, [Ms. 1920473, Nov. 3, 1995] ___ So.2d ___ (Ala.1995).
NOTES
[1] Any issues made relevant by this Court's decision after remand in Allied-Bruce Terminix Cos. v. Dobson, [Ms. 1920473, November 3, 1995] ___ So.2d ___ (Ala.1995), may be presented to the circuit court.