Selma Medical Center, Inc., doing business as Columbia Four Rivers Medical Center ("the Hospital"), appeals from the denial of its motion to compel arbitration of a dispute between the Hospital and Conrad C. Manayan, D.O.[1] We reverse and remand.
In 1996, the Hospital and Dr. Manayan entered a contract that provided, among other things, for the Hospital to pay for Dr. Manayan to move from Pennsylvania to Selma, Alabama, and to lend Dr. Manayan money to help cover his expenses in starting a medical practice in Selma. The contract also provided that Dr. Manayan's indebtedness to the Hospital would be forgiven if he moved to Selma and practiced medicine there for three years.
The contract between the Hospital and Dr. Manayan contained the following provision:
 "In the event any dispute shall arise concerning any aspect of this Agreement, such dispute shall be submitted to final and binding arbitration in accordance with the rules established by the American Arbitration Association."
Dr. Manayan moved to Selma, but failed to stay there for three years. He refused to repay the Hospital for the moneys it had expended on his behalf under the terms of the contract. The Hospital sued Dr. Manayan, alleging breach of contract, and it asked the trial court to order that Dr. Manayan "submit to arbitration according to the provisions of the contract." The Hospital supported its motion to compel arbitration with affidavits and a memorandum of law.
Dr. Manayan filed an "answer presenting defenses," in which he asserted the defenses of equitable estoppel and fraud in the inducement of the contract. He also counterclaimed, alleging that the Hospital had engaged in various fraudulent practices with the intent to induce him to sign the contract with the Hospital. Dr. Manayan does not allege misrepresentation or fraud with regard to the arbitration clause itself.
Dr. Manayan filed a statement in opposition to the request for arbitration, claiming that the issue whether the contract was induced by fraud was to be decided by the trial court and not by arbitration because, said Dr. Manayan, the arbitration clause *Page 384 
was not broad enough to encompass claims of fraud in the inducement of the contract itself.
The trial court denied the motion to compel arbitration, holding that the "grounds, argument, and conclusions as set out in [Dr. Manayan's] statement in opposition [are] well taken." The trial court denied the Hospital's motion to "reconsider" that ruling, and these appeals followed (see n. 1).[2]
In support of his opposition to arbitration, Dr. Manayan relied on this Court's decision in Ex parte Lorance,669 So.2d 890 (Ala. 1995). He wrote the following in his memorandum of law addressed to the trial court:
 "There is a recent Alabama case which is directly [on] point. In [Ex parte] Lorance, 669 So.2d 890 (Ala. 1995), it was held that if an arbitration clause was broad enough to encompass claims of fraud in the inducement of the contract, any claim of fraud in the inducement would be subject to arbitration. The Court then [held] that . . . the arbitration clause [in Lorance] was broad enough to encompass claims of fraud in the inducement of the contract. . . .
"Clause in Lorance Case:
 "`Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration.'
"Clause in Our Case:
 "`In the event any dispute shall arise concerning any aspect of this Agreement, such dispute shall be submitted to final and binding arbitration.'
 "The difference in our case and the Lorance case is that in the Lorance case the clause included the following: `or relating to the contract.' The Court [held], `clearly, Dr. Lorance's claims as to fraud in the inducement of the contract "relate to" the contract, and the arbitration clause is therefore broad enough to encompass those claims.' It is interesting to note that the Court, by taking the second part of the sentence in the Lorance case (`relating to this contract') and holding that the [claim of] fraud in the inducement was subject to arbitration because of this part of the sentence, recognized that the first part of the sentence (`any controversy or claim arising out of') would not have been broad enough to encompass the claim of fraud in the inducement because it was talking about things that arose out of the agreement and it is obvious that fraud in the inducement did not arise out of the agreement.
 "In our case, with the wording `any dispute shall arise concerning any aspect of this Agreement', it is also obvious that this is talking about disputes arising concerning the agreement[,] and this clause, like the first part of the sentence in the Lorance case, is not broad enough to encompass claims of fraud in the inducement."
The Hospital, however, relying on Old Republic Insurance Co. v. Lanier, 644 So.2d 1258 (Ala. 1994), contends that the trial court erred in refusing to order arbitration. The Hospital maintains that, under the holding in Lanier, the arbitration agreement here is valid and is clearly broad enough to include Dr. Manayan's claims of fraud in the inducement. We agree. We wrote in Lanier:
 "Under Alabama law, the specific enforcement of a predispute arbitration agreement violates public policy unless federal law preempts state law. `However, if an arbitration agreement is voluntarily entered into and is contained in a contract that involves interstate commerce, then the [Federal Arbitration Act ("FAA")] preempts state law and *Page 385 
renders the contract enforceable.' Allied-Bruce Terminix Companies, Inc. v. Dobson, 628 So.2d 354, 355 (Ala. 1993) [reversed on other grounds, 513 U.S. 265 (1995)].
 "On appeal, the parties do not argue that these contracts do not evidence a transaction involving interstate commerce. `Therefore, the policies and provisions of the FAA govern all questions of the validity of the arbitration agreement.' Blount Int'l, Ltd. v. James River-Pennington, Inc., 618 So.2d 1344 (Ala. 1993). The FAA `requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.' Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989). Whether arbitration applies to a dispute between parties `is to be determined by the contract entered into by the parties.' Drake Bakeries, Inc. v. Local 50, American Bakery Confectionery Workers Int'l, 370 U.S. 254, 256 (1962). Therefore, `a party cannot be required to submit to arbitration any dispute he has not agreed to submit.' A.G. Edwards Sons, Inc. v. Clark, 558 So.2d 358, 362 (Ala. 1990). In the event of ambiguity or uncertainty over applicability of an arbitration clause, the strong Federal policy embodied in the Federal Arbitration Act requires a reviewing court to resolve any ambiguities or uncertainties in favor of arbitration. In addition, `[t]he courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the interest of the parties.' Goldberg v. Bear, Stearns Co., 912 F.2d 1418, 1419-20 (11th Cir. 1990)."
644 So.2d at 1260 (some citations omitted).
In Lanier, the trial court denied motions to compel arbitration of agreements that contained provisions requiring arbitration of disputes "arising out of" the agreements. The Lanier Court, adopting the "narrow" interpretation announced by the United States Court of Appeals for the Ninth Circuit for determining whether the FAA applied, required arbitration pursuant to the language of the arbitration provision. However, although the standard announced by the Ninth Circuit and adopted in Lanier was deemed "narrow," that standard, set out here, clearly supports a holding in this present case that the arbitration clause in the contract between Dr. Manayan and the Hospital is broad enough to require arbitration of these parties' dispute:
 "`We interpret "arising hereunder" as synonymous with "arising under the Agreement [containing the arbitration clause]." The phrase "arising under" has been called "relatively narrow as arbitration clauses go." Sinva, Inc. v. Merrill Lynch, Pierce, Fenner Smith, Inc., 253 F. Supp. 359, 364 (S.D.N.Y. 1966). In In re Kinoshita Co., 287 F.2d 951, 953 (2d Cir. 1961), Judge Medina concluded that when an arbitration clause "refers to disputes or controversies `under' or `arising out of' the contract," arbitration is restricted to "disputes and controversies relating to the interpretation of the contract and matters of performance." Judge Medina reasoned that the phrase "arising under" is narrower than the phrase "arising out of or relating to," the standard recommended by the American Arbitration Association.'"
Lanier, 644 So.2d at 1262, quoting Mediterranean Enterprises, Inc. v. Ssangyong, 708 F.2d 1458, 1464 (9th Cir. 1983) (emphasis added).
The arbitration clause in the contract between the Hospital and Dr. Manayan requires that the parties submit to arbitration "any dispute [that] shall arise concerning any aspect of this Agreement." This language is broader than the "arising out of" language that prompted the narrow interpretation of the arbitration agreement in Lanier. Indeed, we conclude that even *Page 386 
the decision in Lorance would require arbitration in the present case, given the "concerning any aspect" language in the arbitration clause in the contract between Dr. Manayan and the Hospital:
 "As long as an arbitration clause is broad enough to encompass claims of fraud in the inducement of the contract in which it is found, any claims as to fraud in the inducement of the contract generally, as opposed to the arbitration agreement specifically, are subject to arbitration. Prima Paint Corp. v. Flood Conklin Mfg. Co., 388 U.S. 395 (1967); Coleman v. Prudential Bache Securities, Inc., 802 F.2d 1350 (11th Cir. 1986); Jones v. Merrill Lynch, Pierce, Fenner Smith, Inc., 604 So.2d 332 (Ala. 1991). Here, the arbitration clause states: `Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration. . . .' Clearly, Dr. Lorance's claims as to fraud in the inducement of the contract `relat[e] to' the contract, and the arbitration clause is therefore broad enough to encompass those claims."
Lanier, 669 So.2d at 892-93 (emphasis added).
Dr. Manayan also claims that this Court's opinion of March 20, 1998, in Investment Management Research, Inc. v. Hamilton, supports his argument that the trial court is authorized to initially review the threshold question whether a contract containing an arbitration clause is a legally enforceable contract. According to Dr. Manayan, that opinion in Investment Management adopted the reasoning of Justice Black's dissent in Prima Paint Corp. v. Flood Conklin Mfg. Co., 388 U.S. 395
(1967), to the effect that if there was never a valid contract to begin with, then there is nothing to arbitrate.
In deference to the trial court, we note that at the time of its ruling, this Court had released its March 20, 1998, opinion in Investment Management, on original deliverance. However, on application for rehearing, this Court withdrew that opinion and substituted a new opinion, in which we held:
 "[W]hen a claim of fraud in the inducement is directed toward the arbitration clause itself, the issue is adjudicated by the court. On the other hand, when a claim of fraud in the inducement is directed toward the entire contract, as in this case, the issue is subject to arbitration. Because Hamilton claimed fraud in the inducement of the customer-agreement contract generally, as opposed to the arbitration clause specifically, Hamilton's claims against IMR are subject to arbitration according to the terms of the customer agreement he signed."
Investment Management Research, Inc. v. Hamilton, [Ms. 1960138, Jan. 8, 1999] 727 So.2d 71, 78 (Ala. 1999) (emphasis added).
The trial court erred in denying the Hospital's motion to require arbitration of the parties' dispute. Therefore, we reverse the order denying arbitration and remand the cause for an order consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Houston, See, Lyons, and Brown, JJ., concur.
Maddox, J., concurs specially.
Johnstone, J., dissents.
[1] The denial of a motion to compel arbitration is appealable.9 U.S.C. § 15 (Federal Arbitration Act); A. G. Edwards Sons, Inc. v. Clark, 558 So.2d 358 (Ala. 1990). These appeals are from the trial court's order denying the Hospital's motion to arbitrate (case no. 1971845), and from the trial court's order denying the Hospital's motion to amend the order denying arbitration (case no. 1972233).
[2] Dr. Manayan and the Hospital do not dispute that the contract involves interstate commerce.