Terrance Dewayne Carson petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to order the clerk of the Jefferson Circuit Court to charge Carson a single filing fee for filing Carson's petition for postconviction relief under Rule 32, Ala. R.Crim. P. We grant the petition.
 I. Facts and Procedural History
On December 12, 2001, Carson pleaded guilty to trafficking in cocaine and to unlawful distribution of a controlled substance. Each guilty plea and the resulting sentence had its own trial court case number, but the guilty pleas to both charges were entered, and each sentence pronounced, in the same plea proceeding. On September 29, 2005, Carson filed in the circuit court a petition for postconviction *Page 449 
relief under Rule 32, Ala. R.Crim. P., challenging the legality of his sentences.[1] Carson also moved for leave to proceed in forma pauperis. The circuit court denied Carson's in forma pauperis motion, and the circuit clerk's office informed Carson that, in order to proceed with his Rule 32 petition, he would have to pay two filing fees, one for each judgment.
Carson filed a petition for a writ of mandamus in this Court; we transferred Carson's petition to the Court of Criminal Appeals. That court denied the petition, and Carson filed another petition for a writ of mandamus in this Court, arguing that he should have been allowed to proceed in forma pauperis or, in the alternative, that he should have had to pay only one filing fee for his Rule 32 petition. We ordered answer and briefs solely on the issue of the amount of the filing fee that Carson should have been charged. In so doing, we implicitly denied Carson's petition for the writ of mandamus insofar as he argued that the circuit court erred in denying him in forma pauperis status.
 II. Standard of Review "`The writ of mandamus is a drastic and extraordinary writ, to be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993); see also Ex parte Ziglar, 669 So.2d 133, 134
(Ala. 1995).' Ex parte Carter, [807 So.2d 534,] 536 [(Ala. 2001)]."
Ex parte McWilliams, 812 So.2d 318, 321 (Ala. 2001).
 III. Analysis
According to Rule 32.1, Ala. R.Crim. P., "[a] petition that challenges multiple judgments entered in more than a singletrial or guilty-plea proceeding shall be dismissed without prejudice." (Emphasis added.) However, "a single petition may be filed against . . . several convictions that arose out ofone trial." Reed v. State, 748 So.2d 231, 236
(Ala.Crim.App. 1999) (emphasis added). The circuit court concedes in its answer to Carson's mandamus petition that the judgments at issue here were entered in the same guilty-plea proceeding. Accordingly, we hold that Carson was authorized to challenge his sentences for both judgments in a single Rule 32 petition.
Rule 32.6(a), Ala. R.Crim. P, generally requires a Rule 32 petition to be accompanied by the "filing fee prescribed by law or rule in civil cases in the circuit court." Section12-19-71(a)(4), Ala. Code 1975, provides in part: "Notwithstanding any other provision of law, the docket fee shall be one hundred ninety-seven dollars ($197) for civil cases in circuit court in which the matter of controversy, exclusive of interest, costs, and attorney fees does not exceed fifty thousand dollars ($50,000)." A circuit court is also authorized to assess local filing fees against a Rule 32 petitioner. §12-19-71(c)(2), Ala. Code 1975.
The circuit court concedes that, because Carson was permitted to challenge his sentences for both judgments in a single Rule 32 petition, and because Rule 32.6 authorizes only one filing fee per Rule 32 petition, *Page 450 
Carson should be required to pay only one filing fee. Indeed, the circuit court contends that its order denying Carson indigent status actually directed that only one filing fee be paid. Accordingly, we hold that the circuit clerk incorrectly informed Carson that he must file a separate filing fee for each judgment.
 IV. Conclusion
Because Carson should have been required to pay only one filing fee for his Rule 32 petition challenging two convictions, we grant Carson's petition for the writ of mandamus and issue the writ directing the circuit court to order the circuit clerk to charge Carson a single filing fee, the amount of which is to be set by the circuit court under § 12-19-71, Ala. Code 1975.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] The sentences imposed on Carson's conviction are not clear from the filings in this Court. The circuit court states in its answer to Carson's petition for the writ of mandamus that Carson was sentenced to 20 years' incarceration, although Carson states that he was sentenced to a total of 30 years. In any event, the details of Carson's sentence are not relevant to the resolution of this mandamus petition.