SHAW, Justice.
 

 AIG Baker Orange Beach Wharf, L.L.C. (“AIG”), the plaintiffieounterclaim-defen-dant below, petitions this Court for a writ of mandamus directing the trial court to vacate an order denying its motion to strike the jury demand of the defendants/eounterclaim-plaintiffs, Coastal Couture, LLC (“Coastal”), and Coastal’s owner, Tosha L. Corrigan. For the reasons stated below, we grant the petition and issue the writ.
 

 Facts and Procedural History
 

 In September 2006, AIG entered into a retail lease agreement with Coastal whereby Coastal leased from AIG premises in The Wharf, a retail shopping center in Orange Beach. The lease agreement contained a provision entitled “mutual waiver of jury trial,” which provided, in pertinent part:
 

 “Tenant and Landlord hereby waive any right to a trial by jury on any claim, counterclaim, setoff, demand, action or cause of action brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way pertaining or relating to: (i) this Lease; (ii) the relationship of Landlord and Tenant; (iii) the use and occupancy of the Premises; or (iv) in any way connected with or pertaining or relating to or incidental to any dealings of the parties hereto with respect to this Lease, or any other matter or controversy whatsoever between the parties; in all of the foregoing cases whether now existing or hereafter arising. Tenant and Landlord agree that either or both of them may file a copy of this provision with any court as written evidence of the knowing, voluntary, and bargained agreement between the parties irrevocably to waive trial by jury, and that any dispute or controversy whatsoever between them shall instead be tried in a court of competent jurisdiction by a judge sitting without a jury.”
 

 The lease agreement, which indisputably contained the foregoing waiver, was executed by Corrigan on Coastal’s behalf. Contemporaneously with the execution of the lease agreement, Corrigan also executed a separate “Guaranty of Lease,” wherein she personally guaranteed Coastal’s performance of the lease with AIG. The separate guaranty document also contained a provision waiving the right to a trial by jury that is substantially identical to the language set out above.
 
 [1]
 

 On May 11, 2007, Coastal took possession of the retail space at The Wharf; however, Coastal failed to make any rent payments, and AIG ultimately terminated the lease. On January 24, 2008, AIG filed an unlawful-detainer action against Coastal and Corrigan in the Baldwin District Court and subsequently obtained a judgment in its favor. Coastal and Corrigan appealed to the Baldwin Circuit Court, at which time AIG amended its previous complaint to seek both unpaid and accelerated rent under the lease agreement and the
 
 *1200
 
 guaranty document. After their initial answer to AIG’s complaint, Coastal and Cor-rigan filed an amended answer in which they asserted numerous counterclaims,
 
 [2]
 
 some of which related to alleged fraudulent conduct on the part of AIG, which, Coastal and Corrigan claimed, induced them to enter into the lease agreement, thereby rendering the jury-waiver provision ineffective. Specifically, AIG purportedly represented that 740 condominium units and 250 hotel rooms would be constructed at The Wharf and that several well known national and local retail chains had already executed lease agreements for retail space at The Wharf. Coastal and Corrigan alleged that these representations were untrue and that Coastal was unsuccessful as a result. The amended answer also contained a demand for a jury trial.
 

 Based on the provisions of the lease agreement and the guaranty document, AIG moved to strike the jury demand. Coastal and Corrigan responded by arguing that they were entitled to a jury trial because of alleged fraud in the inducement, which, they contended, led to the execution of the lease agreement and the guaranty document and, thus, occurred before the execution of the lease agreement and the guaranty document and was unrelated to and outside the scope of any provision in the lease agreement and the guaranty document. The trial court denied AIG’s motion, and AIG petitions for mandamus review.
 

 Standard of Review
 

 “Mandamus is an appropriate remedy where the availability of a jury trial is at issue, as it is in this case.”
 
 Ex parte Cupps,
 
 782 So.2d 772, 775 (Ala.2000) (citing
 
 Ex parte Merchants Nat’l Bank of Mobile,
 
 257 Ala. 663, 665, 60 So.2d 684, 686 (1952)). Nonetheless,
 

 “ ‘ “[t]he writ of mandamus is a drastic and extraordinary writ, to be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501, 503 (Ala.1993); see also
 
 Ex parte Ziglar,
 
 669 So.2d 133, 134 (Ala.1995).”
 
 Ex parte Carter,
 
 [807 So.2d 534,] 536 [(Ala.2001) ].’
 

 “Ex parte McWilliams,
 
 812 So.2d 318, 321 (Ala.2001).”
 

 Ex parte Carson,
 
 945 So.2d 448, 449 (Ala.2006).
 

 Discussion
 

 The substantive question presented by AIG’s petition is whether the contractual waiver of the right to a jury trial, as contained in the lease agreement and the guaranty document and set out above, bars a jury trial on Coastal and Corrigan’s tort claims against AIG. Public policy, the Alabama Rules of Civil Proce-
 
 *1201
 
 dure, and the Alabama Constitution all express a preference for trial by jury.
 
 Ex parte Cupps,
 
 782 So.2d at 775. That said, “no constitutional or statutory provision prohibits a person from waiving his or her right to trial by jury.”
 
 Mall, Inc. v. Robbins,
 
 412 So.2d 1197, 1199 (Ala.1982).
 
 See also Hood v. Kelly,
 
 285 Ala. 337, 339, 231 So.2d 901, 904 (1970) (“ ‘The right of jury trial is a personal right, of which no person can be deprived against his will, but there is neither constitutional nor statutory provision which prohibits him from waiving his constitutional privilege in civil actions.’ ” (quoting
 
 Oliver v. Herron,
 
 106 Ala. 639, 640, 17 So. 387, 387 (1894)));
 
 Shoney’s LLC v. MAC East, LLC,
 
 27 So.3d 1216, 1222 (Ala.2009) (“The ban on impairing the obligations of contracts provided in Ala. Const.1901, § 22, is obviously one that shall forever remain inviolate. Alabama caselaw has maintained the constitutional prohibition on impairing contracts by consistently upholding the intent of the contracting parties.”).
 

 Coastal and Corrigan do not challenge the overall validity or enforceability of the contractual waiver in the present case, nor do they allege misrepresentation or fraud with regard to the jury-waiver provision itself. In fact, in their brief in response to AIG’s petition, Coastal and Corrigan “concede [ ] that the contract claims made by AIG ... against Corrigan as well as Corri-gan’s breach of contract claims against AIG Baker
 
 are
 
 subject to the jury waiver provision.” (Answer, at p. 4; emphasis added.)
 
 [3]
 
 Instead, Coastal and Corrigan argue that the waiver does not apply to the tort counts they assert against AIG, specifically, their count of fraud in the inducement.
 

 In
 
 Ex parte Cupps,
 
 this Court examined the scope of a jury-waiver provision. We noted that a provision applying only to claims “arising from” or “arising under” a contract, has a narrow scope and “exclude[d] claims that did not require a reference to, or a construction of, the underlying contract.” 782 So.2d at 776. On the. other hand, a provision applying to claims “ ‘arising out of or relating to’ ” a contract — such as the provision in the instant case — “ ‘has a broader application’ ” than a provision “ ‘that refers only to claims “arising from” the agreement.’ ” 782 So.2d at 776 (quoting
 
 Reynolds & Reynolds Co. v. King Automobiles, Inc.,
 
 689 So.2d 1, 2-3 (Ala.1996)). Cf.
 
 Vann v. First Cmty. Credit Corp.,
 
 834 So.2d 751, 754 (Ala.2002) (noting that the phrase “any controversy or claim arising out of or relating to” covers a broad range of disputes);
 
 Beaver Constr. Co. v. Lakehouse, L.L.C.,
 
 742 So.2d 159, 165 (Ala.1999) (noting that “ ‘relating-to’ language has been held to constitute a relatively broad arbitration provision”).
 

 The jury-waiver provision in the present case applies not only to disputes “arising out of or in any way pertaining or relating to” the lease agreement or the guaranty document, which, as noted in
 
 Ex parte Cupps,
 
 has a broad scope, but also to disputes arising out of or in any way pertaining or relating to the relationship of the parties, i.e., “any dealings of the par
 
 *1202
 
 ties ... with respect to” the lease agreement or the guaranty document,
 
 “or any other matter or controversy whatsoever between the parties
 
 ...(Emphasis added.) The waiver further reiterates that
 
 “any dispute or controversy whatsoever between [the parties
 
 ] shall ... be tried in a court of competent jurisdiction by a judge sitting without a jury.” (Emphasis added.) Although this Court has indicated its unwillingness to “stretch the language of a contract to apply to matters that were not contemplated by the parties when they entered the contract,”
 
 Koullas v. Ramsey,
 
 688 So.2d 415, 417 (Ala.1996), Coastal and Corrigan’s allegations of fraudulent inducement on AIG’s part in entering into the lease agreement and the guaranty document clearly pertain to or relate to the lease agreement (its negotiation), the “dealings of the parties” with respect to the lease agreement and the guaranty document, and a “dispute or controversy” between the parties.
 

 In
 
 Selma Medical Center, Inc. v. Manayan,
 
 733 So.2d 382 (Ala.1999), this Court held that an arbitration agreement containing similar language covered a claim of fraudulent inducement:
 

 “The arbitration clause in the contract between the Hospital and Dr. Manayan requires that the parties submit to arbitration ‘any dispute [that] shall arise
 
 concerning any aspect
 
 of this Agreement.’ This language is broader than the ‘arising out of language that prompted the narrow interpretation of the arbitration agreement in
 
 [Old Republic Insurance Co. v. Lanier,
 
 644 So.2d 1258 (Ala.1994) ]. Indeed, we conclude that even the decision in
 
 [Ex parte Lorance,
 
 669 So.2d 890 (Ala.1995),] would require arbitration in the present case, given the ‘concerning any aspect’ language in the arbitration clause in the contract between Dr. Manayan and the Hospital:
 

 “ ‘As long as an arbitration clause is broad enough to encompass claims of fraud in the inducement of the contract in which it is found, any claims as to fraud in the inducement of the contract generally, as opposed to the arbitration agreement specifically, are subject to arbitration.
 
 Prima Paint Corp. v. Flood & Conklin Mfg. Co.,
 
 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967);
 
 Coleman v. Prudential Bache Securities, Inc.,
 
 802 F.2d 1350 (11th Cir.1986);
 
 Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 604 So.2d 332 (Ala.1991). Here, the arbitration clause states: “Any controversy or claim arising out of
 
 or relating to
 
 this contract, or the breach thereof, shall be settled by arbitration .... ” Clearly, Dr. Lorance’s claims as to fraud in the inducement of the contract “relat[e] to” the contract, and the arbitration clause is therefore broad enough to encompass those claims.’
 

 “Lorance,
 
 669 So.2d at 892-93 (emphasis added).”
 

 733 So.2d at 385-86. The holding in
 
 Ma-nayan
 
 confirms that Coastal and Corri-gan’s fraudulent-inducement count relates to the lease agreement.
 

 In their brief, Coastal and Corrigan argue that the language in the jury-waiver provision restricting its scope to matters “arising out of’ or “relating to” the lease agreement should be narrowly construed. In support of their argument, they point to
 
 Robbins,
 
 in which this Court stated: “[T]hat same public policy that applies the rule of strict construction will likewise limit the scope of operation of a jury waiver agreement to those controversies directly related to and arising out of the terms and provisions of the overall agreement containing the jury waiver provisions.” 412 So.2d at 1200. Similarly, in
 
 Koullas v.
 
 
 *1203
 

 Ramsey,
 
 683 So.2d at 418, which Coastal and Corrigan also cite, the Court held that “in order for a dispute to be characterized as arising out of or relating to the subject matter of the contract ... it must at the very least raise some issue that cannot be resolved without a reference to or construction of the contract itself.”
 

 In
 
 Ex parte Cupps,
 
 the Court addressed whether these terms should be given the narrow construction suggested by Coastal and Corrigan. Examining
 
 Robbins, Koul-las,
 
 and other precedent, we acknowledged that the terms “arising from” or “arising under” covered only claims requiring a reference to the terms of the contract. 782 So.2d at 776. The Court went on to note, however, that although
 
 Koullas
 
 at one point appeared to state “that the term ‘arising out of or related to’ receives the same construction as ‘arising from’ and ‘arising under,’
 
 our cases clearly treat these two classes of terms differently.”
 
 782 So.2d at 776 n. 1 (emphasis added). Thus, contrary to
 
 Robbins
 
 and
 
 Koullas,
 
 the Court in
 
 Ex parte Cupps
 
 noted that provisions applying to claims “arising out of or related to” a contract are broader in scope than those “arising from” or “arising under.” In any event, the terms of the lease agreement and the guaranty document here are much broader than either of the jury-waiver provisions in
 
 Robbins
 
 or
 
 Koullas,
 
 and this Court must uphold the intent of the parties as expressed in their contract.
 
 Shoney’s LLC,
 
 supra.
 

 Coastal and Corrigan have conceded that they are not entitled to a jury trial on the pending contract claims of the parties, and we now conclude that their remaining claims are likewise subject to the jury-waiver provisions found in the lease agreement and the guaranty document. Therefore, the trial court erroneously denied AIG’s motion to strike Coastal and Corri-gan’s demand for a jury trial on those claims. For the foregoing reasons, we grant AIG’s petition and issue a writ of mandamus directing the trial court to vacate its order denying AIG’s motion and to enter an order granting AIG’s motion to strike the jury demand as to all claims pending in the trial court.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
 

 [1]
 

 . AIG’s petition alleges that Corrigan has been a licensed real-estate agent for six years and, thus, was "very familiar with real estate transactions.” (Petition, at p. 2.) It further alleges that Corrigan was provided “several days” to review the lease agreement and the guaranty document before their execution. (Petition, at p. 5.) Although Corrigan, in her own deposition testimony, indicated that she was unable to recall how long she had to review the lease agreement, she did confirm both her real-estate experience and that she read both the lease agreement and the guaranty document before signing them.
 

 [2]
 

 . The eight counterclaims alleged against AIG by Coastal and Corrigan included the following: fraud in the inducement (count I); misrepresentation/fraudulent suppression (regarding the status of the construction of The Wharf project) (count II); breach of contract (count III); negligence (regarding the development, construction, and maintenance of The Wharf) (count IV); willful, wanton, and/or reckless misconduct (count V); rescis-sión (count VI); unjust enrichment (count VII); and a declaratory-judgment action (declaring the lease void) (count VIII). In its petition, AIG contends that the foregoing claims are compulsory counterclaims as defined by Rule 13(a), Ala. R. Civ. P., because, it argues, "they arise out of the same transaction as [AIG's] claims.” (Petition, at p. 17 n. 6.)
 

 [3]
 

 . Based upon this concession, we do not interpret Coastal and Corrigan’s claims as falling within the class of fraud termed “fraud in the factum,” or execution, as distinguished from fraud in the inducement.
 
 See Drinkard v. Embalmers Supply Co.,
 
 244 Ala. 619, 14 So.2d 585 (1943) (explaining the distinction between fraud in the factum and fraud in the inducement).
 
 See also Oakwood Mobile Homes, Inc. v. Barger,
 
 773 So.2d 454, 460 (Ala.2000) (noting that fraud in the factum "is a challenge to the very existence of the contract”);
 
 Anderson v. Ashby,
 
 873 So.2d 168, 182 (Ala.2003) (" 'Fraud in the factum occurs when a party “procures a[nother] party's signature to an instrument without knowledge of its true nature or contents.” ' ”).