WOODALL, Justice
(concurring in part and dissenting in part).
Insofar as the main opinion denies the plaintiffs’ petition for a writ of mandamus with respect to that portion of the trial court’s order striking their jury demand as to their claims against Colonial Bank and BB & T, I concur. However, insofar as the main opinion grants the petition with respect to the plaintiffs’ claims against the individual defendants and directs the trial court to vacate that portion of its order striking the plaintiffs’ jury demand as to the individual defendants, I respectfully dissent.
“[Tjhis Court must uphold the intent of the parties as expressed in their contract.” Ex parte AIG Baker Orange Beach Wharf, L.L.C., 49 So.3d 1198, 1203 (Ala.2010). Pursuant to each of the loan documents, the plaintiffs “waive[dj the right to any jury trial in any action ... brought by [them] against [Colonial Bank].” (Emphasis added.) In my opinion, this broad waiver is unambiguous and applies to the entire pending action, including the plaintiffs’ claims against the individual defendants, and is not limited to the plaintiffs’ claims against Colonial Bank and its successor, BB & T. In my judgment, the construction in the main opinion of the waiver is not true to its terms and, further, because a corporation can act only through its agents, has created a procedural morass.
STUART, SMITH, and BOLIN, JJ., concur.