COBB, Chief Justice
(dissenting).
I respectfully dissent. Alabama law is long settled that the right to a jury trial can be waived. See, e.g., Ex parte AIG Baker Orange Beach Wharf, L.L.C., 49 So.3d 1198 (Ala.2010). The case-action summary for this case shows a transfer of the case to the nonjury docket on June 8, 2007. The petitioners, in their reply brief to this Court, admit that “the case had been apparently transferred to the nonjury docket following the entry of the trial court’s June 7, 2007 order as reflected on case action summary sheet printed from the AlaFile electronic filing system.” Petitioners’ reply brief, at 4. Although this statement attempts to qualify the admission with an assertion that no explicit notice was ever sent to the petitioners, it does make clear that the information regarding the action taken by the trial court was available to the petitioners immediately after June 7, 2007. Moreover, it is noteworthy that the petitioners do not explicitly deny being aware of the understanding that the case had been set for a nonjury trial. Rather, they simply assert that they never explicitly withdrew their demand for a jury trial.
The critical question before this Court is whether the trial court exceeded its broad discretion in denying the petitioners’ motion to reset the case for a jury trial in light of their conduct up to that point in the litigation. I believe that a fair reading of the facts in this case show that the petitioners were aware that the trial court intended to set the case for a nonjury trial after the hearing in May 2007 when they at least appeared to acquiesce in that result. That result was further confirmed by the trial court’s actions in moving the case to the nonjury docket. Some two years later, after the parties had completed discovery and the case was set for a nonjury trial, the petitioners determined that the situation was not to their advantage and developed the argument advanced in this petition — that they had not explicitly waived their jury demand. They presented this argument to the trial court and were refused. Under these facts, I do not believe that the petitioners have shown the necessary “clear legal right” to afford them mandamus relief. Ex parte Synovus Trust Co., 41 So.3d 70 (Ala.2009); Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893 (Ala.1998). I believe that the petition is due to be denied. Therefore, I dissent.