MOORE, Chief Justice
(concurring in the result).
I concur in the result reached by the Court. Although I agree with the majority opinion that Sergio Acosta has demonstrated a clear legal right to the mandamus relief he seeks, I question the holdings and reasoning in Ex parte BancorpSouth Bank, 109 So.3d 163 (Ala.2012), discussed by the majority opinion, and in Mall, Inc. v. Robbins, 412 So.2d 1197 (Ala.1982), and Ex parte AIG Baker Orange Beach Wharf LLC, 49 So.3d 1198 (Ala.2010), also mentioned in the majority opinion.
The Alabama Constitution states that “the right of trial by jury shall remain inviolate.” Art. I, § 11, Ala. Const.1901. As I explained in Ex parte First Exchange Bank, 150 So.3d 1010, 1022 (Ala.2013)(Moore, C.J., concurring specially): “The gist of the cases on which the Court in Mall relied is that the Alabama Constitution does not expressly forbid the waiver of the right to a jury trial. This fact, however, does not mean that individuals may waive their right to a jury trial before the right accrues.” I believe that Mall *357 and its progeny have “relied on a line of precedent that fundamentally misconstrued the terms of the Alabama Constitution and encouraged the violation of the right to a jury trial.” First Exchange Bank, 150 So.3d at 1022. Therefore, I urge this Court “to overturn its recent holding in BancorpSouth Bank and the cases upon which it relied” and “to affirm the inviolate right to a jury trial by holding that predispute juiy-trial waivers violate the Alabama Constitution.” First Exchange Bank, 150 So.3d at 1027 (Moore, C.J., concurring specially). I stand by my position expressed in First Exchange Bank that “the right to a jury trial in civil cases may not be waived by a party before a lawsuit has been filed and the right accrues.” 150 So.3d at 1025.
The result reached in this case is, in my view, correct. Acosta’s legal right to mandamus relief is clear because his substantive right to a jury trial is inviolate. For the reasons set forth above and in my concurrence in First Exchange Bank, however, I concur in the result only.